IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| JOHN BROOKS and KATIE BROOKS,<br><br>Plaintiffs,<br><br>v.<br><br>LIBERTY MUTUAL PERSONAL INSURANCE COMPANY,<br><br>Defendant. | MEMORANDUM DECISION & ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND ALLOWING AMENDMENT<br><br>Case No. 2:25-cv-321-DBP<br><br>Magistrate Judge Dustin B. Pead |

On March 24, 2025, Plaintiffs John and Katie Brooks (collectively, "Plaintiffs" or the "Brooks") filed an action in the Fourth Judicial District Court for the State of Utah.[1] Shortly thereafter, Defendant Liberty Mutual Personal Insurance Company ("Defendant" or "Liberty Mutual") removed Plaintiffs' action to federal court, and on May 1, 2025, Defendant filed its pending Motion to Dismiss ("Motion").[2] For the reasons set forth herein, the court grants Defendants' Motion.[3]

---

[1] *John Brooks and Katie Brooks v. Liberty Mutual Personal Insurance Company,* Utah's Fourth District Court; Case No. 250401378.

[2] ECF No. 1, Notice of Removal; ECF No. 6, Defendant's Motion to Dismiss.

[3] The parties consented to the jurisdiction of the Magistrate Judge on May 5, 2025. *See* ECF No. 10, Consent to Jurisdiction by US Magistrate Judge; *see also* 28 U.S.C. § 636(c).

## STANDARD OF REVIEW

On a motion filed pursuant to Federal Rule of Civil Procedure 12(b)(6), the court may dismiss a pleading for "failure to state a claim upon which relief may be granted."[4] Under 12(b)(6), it is not the function of the court to "weigh potential evidence that may be presented at trial."[5] Rather, the court must "assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[6]

When considering a motion to dismiss for failure to state a claim, the court takes all well-pleaded facts in the complaint as true.[7] However, the court is not bound to accept conclusory statements and formulaic recitations of legal elements.[8] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[9] As the Supreme Court stated in *Iqbal*,

> [o]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged---but it has not shown---that the pleader is entitled to relief.[10]

---

[4] Fed. R. Civ. P. 12(b)(6).

[5] *Brown v. Jantzen,* 2024 U.S. Dist. LEXIS 240922, at *4 (D. Utah Nov. 5, 2024).

[6] *Id.* (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)).

[7] *Sutton v. Utah State School for the Deaf and Blind,* 173 F.3d 1226, 1236 (10th Cir. Mar. 1, 1999).

[8] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *see also, Complete Merch. Sols., LLC v. Davis,* 2024 U.S. Dist. LEXIS 223875, at *2 (D. Utah Dec. 10, 2024).

[9] *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

[10] *Id.* at 679 (internal citations and quotation marks omitted).

Similarly, Federal Rule of Civil Procedure 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[11] The "short and plain statement requirement is to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief."[12]

## BACKGROUND

The following allegations are taken from the Brooks' complaint and viewed in a light most favorable to Plaintiffs.[13]

Plaintiffs own a home in Orem, Utah and have held a homeowners' insurance policy with Liberty Mutual since 2012.[14] During the effective dates of the homeowners' policy, Plaintiffs' property suffered "direct physical loss from the perils of wind and/or hail to the Property, including but not limited to exterior siding components, damaged personal property, and the full scope of ensuing interior water damage."[15]

Plaintiffs timely notified Liberty Mutual of the damages, but allege Defendant failed to properly investigate the claim or to fully indemnify them for all damages covered under the policy.[16] As a result, Plaintiffs were forced to hire a public adjuster who estimated the amount of

---

[11] Fed. R. Civ. P. 8(a)(2).

[12] *Leonard v. Standell,* 145 Fed. Appx. 632, 633-34 (10th Cir. Aug. 9, 2005) (citation omitted); *Nasious v. Two Unknown B.I.C.E Agents,* 492 F.3d 1158, 1163 (10th Cir. Jul. 3, 2007) (complaint must plead facts that "explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her and, what specific legal right the plaintiff believes the defendant violated.").

[13] *Tal v. Hogan,* 453 F.3d 1244, 1252 (10th Cir. Jun. 29, 2006), *cert. denied,* 549 U.S. 1209, 127 S. Ct. 1334, 167 L. Ed. 2d 81 (2007).

[14] ECF No. 1-1 at ¶¶ 3-4.

[15] *Id.* at ¶ 6.

[16] *Id.* at ¶¶ 7-10.

loss to their property as substantially different from the amount estimated by Liberty Mutual. Due to Defendant's bad faith actions and breach of the homeowners' policy, Plaintiffs incurred significant damages which they now seek to recover.

## **DISCUSSION**

Plaintiffs raise two causes of action against Liberty Mutual: (1) breach of contract; and (2) breach of duty of good faith and fair dealing.[17] Defendant moves for dismissal of Plaintiff's breach of duty claim arguing the pleading "contains merely conclusory allegations unsupported by sufficient facts and cannot meet the standard for plausibility."[18]

As set forth in the complaint, the Brooks' list the following allegations in support of their bad faith claim:[19]

   a. Failing to properly investigate the Claim, as indicated above;
   b. Failing to fairly evaluate the Claim, as indicated above;
   c. Failing to promptly pay and settle the Claim, as indicated above;
   d. Failing to comply with Utah law regarding handling the Claim, as indicated above;
   e. Misrepresenting facts regarding provisions and coverages;
   f. Asserting standards and terms for denial of the Claim not contained within or supported by the Policy;
   g. Failing to deal with its insured as a layman and not as an expert in the subtleties of law and insurance; and

---

[17] *Id.* at ¶¶ 26-32.

[18] ECF No. 6 at 5.

[19] The terms "bad faith" and "breach of good faith and fair dealing" are used interchangeably in Utah contract cases. *See, e.g. Dahmen v. Lm, Gen. Ins. Co.*, 2021 U.S. Dist. LEXIS 2169, at *4 (D. Utah Jan. 6, 2021) ("Bad faith is merely the inverse of the implied covenant of good faith and fair dealing that inheres in all insurance contracts."); *Stapley v. Minnesota Life Ins. Co.*, 2019 WL 2023721, at *9 (D. Utah May 8, 2019) (referring to the allegation that a party "breached the implied covenant of good faith and fair dealing and acted in bad faith" as one singular claim); *Christiansen v. Farmers Ins. Exchange*, 116 P.3d 259, 260 (Utah 2005) (describing the same claim first as "breach . . . of the implied covenant of good faith and fair dealing" and later as "the bad faith claim.").

  h. Causing Plaintiffs to hire a public adjuster in order to recover the amounts owed to Plaintiffs.[20]

Upon review of the complaint, the court finds Plaintiffs' bad faith allegations conclusory and the underlying facts supporting the claim insufficient. Consequently, the court cannot consider the plausibility of Plaintiffs' bad faith claim or give Liberty Mutual fair notice of the basis for the claim against it.[21] Importantly, it is not the number of allegations raised in the pleading but the substance of those allegations---and here, substance is lacking. For example in the factual section of the complaint, without referencing any pertinent provisions of their insurance policy, Plaintiffs' simply allege: "Defendant failed to properly investigate the Claim[,]" "Defendant failed to properly indemnify Plaintiffs for all covered damages" and "Plaintiffs were forced to hire a public adjuster to assist with the claim[.]"[22] These conclusory statements and generalized allegations lack "further factual enhancement" and fail to include any underlying facts which explain *how* Liberty Mutual failed to investigate the claim or *what* part of Defendant's evaluation was deficient.[23] Plaintiffs do not provide the who, what, where and why needed to put Defendant on notice of the claims against it; what specifically did Liberty Mutual do, when did Liberty Mutual do it and how did it harm Plaintiffs?

Due to these deficiencies, the court concludes that Plaintiffs' bad faith claim fails to meet the pleading requirements of Rule 8, or to state a claim upon which relief can be granted under

---

[20] ECF No. 1 at 5-6.

[21] *See generally, City of Orem v. Evanston Insurance Co.,* 2017 U.S. Dist. LEXIS 69111, at *7-8 (D. Utah May 5, 2017); *Cmpr., Austin v. Auto Owners Ins. Co.,* 2012 U.S. Dist. LEXIS 105862, at *18 (S.D. Ala. July 30, 2012) (finding complaint sufficient to state a claim where pleading "contains numerous facts that lend content and substance to [Plaintiff's] bad faith claim").

[22] ECF No. 1 at ¶¶ 9, 10, 11.

[23] *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 557) (alteration in original).

Rule 12.[24] Accordingly, Liberty Mutual's Motion to Dismiss is GRANTED and Plaintiffs' bad faith claim is dismissed without prejudice.[25]

The court, however, allows Plaintiffs an opportunity to amend their complaint to provide additional allegations that bolster their bad faith claim. Accordingly, Plaintiffs are permitted to file an Amended Complaint within twenty-one (21) days of the date of this Order.

**IT IS SO ORDERED.**

DATED: July 1, 2025.

BY THE COURT:

_____
Dustin B. Pead
U.S. Magistrate Judge

---

[24] Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 12(b)(6).

[25] ECF No. 6.